IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN ABNEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1645-M |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Marvin Abney, an inmate in the Dallas County Jail, against Sheriff Lupe Valdez and various members of the jail medical staff. On August 16, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about his claims. Although plaintiff responded to the interrogatories, his answers were inconclusive. On October 27, 2005, the court held a *Spears*[1]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

hearing to investigate the factual basis of the complaint in more detail. Plaintiff appeared at the hearing and testified under oath regarding the claims made the basis of this suit. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

Plaintiff generally alleges that he received inadequate medical care while incarcerated in the Dallas County Jail. More particularly, plaintiff contends that: (1) his blood pressure medication causes him to urinate more frequently; (2) he should have been placed on a special diet for food allergies; (3) he has not received medication for migraine headaches and allergies; and (4) he has not seen a doctor since August 2005. Plaintiff also believes that he has been exposed to several infectious diseases, including HIV, tuberculosis, and Hepatitis A, B, and C. By this suit, plaintiff seeks $2.2 million in damages and "continuing medical care for life."

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>   (1)   is frivolous or malicious;
>
>   (2)   fails to state a claim upon which relief can be granted; or
>
>   (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232,

81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability."  *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The court initially observes that plaintiff did not properly present his claims to jail officials before filing suit in federal court.  Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *see also Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998).

The Dallas County Jail currently provides a two-step procedure for presenting inmate grievances.  The first step requires the inmate to submit a grievance to any staff member.  After noting the date and time the grievance is received, the staff member delivers the grievance to the on-duty shift supervisor who, in turn, forwards it to the Grievance Board for review.  Upon receipt of a written decision from the Grievance Board, the inmate has five days to submit a written appeal to the Inmate Grievance Appeal Board.  The Appeal Board reviews all documents submitted in connection with the appeal and issues a decision, which may be reviewed by the Sheriff.  An inmate

must pursue his grievance at both steps in order to exhaust his administrative remedies. *See Medrano v. Dallas County Jail Medical Staff*, No. 3-04-CV-1913-M, 2005 WL 106573 at *2 (N.D. Tex. Jan. 18, 2005), *rec. adopted*, 2005 WL 877925 (N.D. Tex. Apr. 14, 2005), *citing Burnett v. Robertson*, No. 3-01-CV-1284-P, 2001 WL 1577495 at *2 (N.D. Tex. Dec. 7, 2001).

At the *Spears* hearing, plaintiff acknowledged that he did not file *any* grievances regarding his diet or alleged exposure to infectious diseases. With respect to his other claims, plaintiff did not appeal the written decision of the Grievance Board. Because plaintiff failed to present his claims to jail officials in a Step 1 and Step 2 grievance, they must be dismissed.

B.

Even had plaintiff exhausted his administrative remedies, his claims still fail as a matter of law. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander*, 351 F.3d at 630-31. Here, plaintiff alleges that his blood pressure medication causes him to urinate more frequently, that he suffers migraine headaches on almost a daily basis, and that he experiences itchiness and watery eyes due to food allergies. Such symptoms are insufficient to establish "physical injury" under the PLRA. *See, e.g. Alexander*, 351 F.3d at 630-31 (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*); *Mitchell v. Horn*, No. 98-4742, 2005 WL 1060658 at * (E.D. Pa. May 5, 2005) (severe headaches and itching were temporary *de minimis* injuries); *Osterback v. Ingram*, No. 3-96-CV-580-LAC, 2000 WL 297840 at *3 (N.D. Fla. Jan. 12, 2000) (migraine headache does not rise to level of physical injury); *Morgan v. Dallas County Sheriff Dep't*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005

WL 2075796 (N.D. Tex. Aug. 26, 2005) (allegation of "undue pain . . . on a regular basis" insufficient to establish physical injury).

C.

Nor has plaintiff shown that he has been exposed to any infectious diseases while incarcerated in the Dallas County Jail. Although plaintiff suspects he contracted Hepatitis after a jail nurse drained his staph infection with a needle used on other inmates, plaintiff admitted at the *Spears* hearing that he did not see the nurse use the needle on anyone else. His conclusory and speculative allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983.[2]

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that plaintiff has tested positive for Hepatitis C. (*See* Sec. Interrog. #3). However, his medical records show that plaintiff was diagnosed with Hepatitis C at least year before his incarceration in the Dallas County Jail. (*See* Central Intake Evaluation Form, 12/9/04).